UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TOMMIE D. DORTCH, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-245 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____ ) | |

      This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On April 10, 2007, plaintiff filed his application for benefits alleging a December 1, 2006 onset of disability. Plaintiff's claim for DIB benefits was denied on initial review. On March 30, 2009, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 17-30). On August 5, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 9-16). On February 16, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

      On March 11, 2010, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff argues that the ALJ failed to give "proper weight" to the opinions of a treating physician. (Plf. Brief at 5, docket # 7). Upon review, I find no violation of the treating physician rule. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he

Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

### Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from December 1, 2006, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after December 1, 2006. (A.R. 11). Plaintiff had the following severe impairments: "pubic symphysis disruption and right sacroiliac joint disruption, status-post December 2006 surgery; diabetes mellitus with diabetic peripheral neuropathy; and degenerative disc disease of the lumbar spine." (A.R. 11). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 11). He retained the residual functional capacity (RFC) for a limited range of sedentary work:

> The claimant retains the residual functional capacity to perform sedentary work except that he requires a sit/stand option every thirty minutes and the ability to use a cane for significant ambulation.

(A.R. 12). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible:

> The claimant's subjective complaints were also considered in determining his residual functional capacity. The claimant complained of neck pain with an inability to use his left upper extremity for overhead function (Exhibit 6E). I find that there is no medically established disorder to account for this complaint. Nor is there any medical evidence of such complaint with evaluation and treatment to substantiate the subjective symptoms. Therefore, I did not consider this complaint in evaluating functional capacity. There i[s] no indication, however, that the jobs cited by the vocational expert would be significantly impacted by such limitation. The claimant testified that he is intolerant of prolonged sitting, standing and

> walking. He estimated he could stand for thirty minutes, sit for about thirty to forty five minutes and walk a distance of two blocks. This is accommodated in the residual functional capacity. He described an ability to lift no more than five pounds since he used one of his hands for a cane. He stated he experiences persistent numbness and pain in his legs due to diabetes mellitus and low back pain that requires him to lie down about two hours in an eight-hour period. The limitations beyond those found herein cannot be found fully credibl[e] in light of the record as a whole.
>
> There are medically established disorders that can be expected to cause the type of symptoms alleged. I find, however, that the severity of the symptoms is only credible to the extent that they are consistent with the finding of functional capacity. The medical evidence documents significant medical disorders with abnormal clinical and laboratory findings. The claimant has also undergone acute medical care for the pubic symphysis disruption. The medical evidence nonetheless shows that, following surgery and a period of recovery, the claimant stabilized within less than a year and had regained some capacity to stand and walk. He has not required or received such further medical attention for the disorder to suggest that he remains significantly symptomatic to the point of being unable to perform work within the residual functional capacity found herein. While he continues to take medications for his pain, the residual medical signs, conservative treatment, and reported daily activities support a regained physical capacity consistent with the finding of functional capacity. The diabetes mellitus continues to require monitoring and medical care and there is evidence of peripheral neuropathy but claimant is able to ambulate with the use of a cane that indicates the neuropathy does not impose the degree of symptoms and functional loss claimed. The claimant complains of back pain but he receives no significant medical attention of the type consistent with the alleged severity, and that impairment has been considered in assessing his residual functional capacity. When considering the evidence as a whole, I find that the alleged intensity, persistence, and functionally limiting effects of the subjective complaints are credible but only to the extent that they are consistent with the finding of functional capacity.

(A.R. 14). Plaintiff was unable to perform his past relevant work. (A.R. 15). Plaintiff was 39 years old as of the date of his alleged onset of disability and 42 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claim for DIB benefits plaintiff was classified as a younger individual. (A.R. 15). Plaintiff has a high school education and is able to communicate in English. (A.R. 15). The transferability of job skills was not material to a disability determination. (A.R. 15). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work

experience, the VE testified that there were approximately 4,500 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 27-28). The ALJ found that this constituted a significant number of jobs. Using Rule 201.28 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 15-16).

Plaintiff argues that the ALJ committed reversible error when he failed to give controlling weight to the opinions of a treating physician, Michael Mayle, D.O. (Plf. Brief at 5-7, docket # 7). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. § 404.1527(e)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(2); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *see also Blair v. Commissioner*, No. 10-5104, 2011 WL 2728215, at * 2-3 (6th Cir. July 14, 2011).

"Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d at 390; *see Johnson v. Commissioner*, No. 10-5226, __ F.3d __, 2011 WL 2652192, at * 5 (6th Cir. July 8, 2011). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir.

2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Allen v. Commissioner*, 561 F.3d at 651; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Cole*

*v. Astrue*, No. 09-4309, __ F.3d __, 2011 WL 2745792, at * 4 (6th Cir. July 15, 2011); *Rabbers v. Commissioner*, 582 F.3d 647, 657 (6th Cir. 2009).

On November 30, 2006, plaintiff was hit by a car (A.R. 387) and suffered a pubic symphysis and right sacroiliac joint diastasis which required surgical correction. (A.R. 126-51, 387). In December 2006, plaintiff's treating surgeon, Terrence Endres, M.D., noted that plaintiff's x-rays showed no hardware problems, with good position and alignment. (A.R. 414). Plaintiff was transferred to a skilled nursing facility where he received inpatient physical and occupational therapy, followed by a course of outpatient therapy. (A.R. 153-370).

On January 9, 2007, Dr. Mayle of Red Arrow Family Practice, P.C., began treating plaintiff. (A.R. 379). Plaintiff displayed a full range of motion in his upper extremities and cervical spine. He was able to walk with the assistance of a walker. (A.R. 379). On February 19, 2007, Dr. Mayle noted that plaintiff was "doing very well" and was able to walk for short distances in his home without an assistive device. (A.R. 376).

On May 31, 2007, William Jackson, M.D., reviewed plaintiff's medical records and offered his opinion that plaintiff was capable of performing a limited range of light work. (A.R. 392-98).

On July 9, 2007, plaintiff appeared at Dr. Mayle's office with "extensive paper work" related to his claim for DIB benefits. (A.R. 425). On July 16, 2007, Dr. Mayle completed a residual functional capacity questionnaire. Dr. Mayle asserted that plaintiff could never lift or carry any weight. (A.R. 404). He endorsed restrictions limiting plaintiff to 2 hours of sitting, 45 minutes of standing, and 45 minutes of walking in an 8-hour workday. (A.R. 404). He stated that plaintiff should "never" stoop, reach above shoulder level, squat, kneel, climb ramps or stairs, climb ladders,

ropes or scaffolds, or crawl. (A.R. 405). He stated that plaintiff should never work where he would be exposed to unprotected heights, dangerous moving machinery, temperature extremes, humidity or wetness, pulmonary irritants, vibration, noise, or motor vehicles. (A.R. 406). Dr. Mayle offered his conclusion that plaintiff was unable to work. (A.R. 407).

On August 14, 2007, Dr. Mayle had a long conversation with plaintiff about the importance of controlling his blood sugar levels. (A.R. 423). On December 6, 2007, Mayle treated plaintiff for a diabetic ulcer on his right foot. (A.R. 420). On December 6, 2007, Dr. Mayle signed a note stating that plaintiff should "continue off work for 3 months because of persistent pain from MVA (Fx pelvis)." (A.R. 418). On January 30, 2008, Dr. Mayle wrote a letter stating, "I have reviewed the Medical Assessment of Ability to do Work-Related Activities (physical) PRTF form completed on July 16, 2007, and I believe it accurately reflects Mr. Dortch's capabilities and limitations as well." (A.R. 433).

David Wilson, M.D., began treating plaintiff's diabetes in 2008. On March 17, 2008, Dr. Wilson offered a diagnosis of diabetes mellitus, type II, uncontrolled, without complication. (A.R. 471). On April 16, 2008, Wilson indicated that plaintiff was compliant with his medication. Dr. Wilson spent "15 minutes explaining to the patient the relationship of infections to increase[d] insulin need, the need to monitor blood sugars and take insulin as prescribed." (A.R. 465). On April 28, 2008, plaintiff reported that he was "able to walk more" and his foot was "healing well." (A.R. 462).

On April 2, 2008, Christopher Marquart, M.D., examined plaintiff on a referral from Dr. Mayle. (A.R. 447). Plaintiff stated that he had been experiencing pain in his lower back for about three months. Dr. Marquart found that plaintiff's motor strength was 5/5 in all motor groups

with the exception of some "very minimal plantar flexion weakness on the left foot." (A.R. 446). Plaintiff walked with a relatively normal gait. His sensory examination was grossly intact to pinprick and light touch. Plaintiff's reflexes were "about 1+ symmetrical in the upper and lower extremities. He had a relatively normal ROM." (A.R. 446). Plaintiff's lumbar MRI indicated degenerative changes and a "small central disc herniation" at the L5-S1 level. (A.R. 446, 449). Dr. Marquart concluded that plaintiff did not have any significant neurological deficits. (A.R. 447).

On June 3, 2008, Dr. Wilson noted that plaintiff was not experiencing any side effects from medication. He was alert and in no acute distress. (A.R. 459). Wilson noted that plaintiff's EMG (A.R. 434) showed a primarily diabetic neuropathy with a superimposed radiculopathy. (A.R. 459). On September 2, 2008, plaintiff reported that he was exercising "four times a week." (A.R. 454). He was not experiencing any side effects from his medication. (A.R. 454). On December 2, 2008, Dr. Wilson noted that plaintiff generally felt well, with only minor complaints. He had good energy and was sleeping well. (A.R. 452). On December 2, 2008, Dr. Wilson performed an excision/debridement of plaintiff's chronic right foot ulcer. (A.R. 452).

Dr. Mayle's opinions on issues reserved to the Commissioner were not entitled to any weight. 20 C.F.R. § 404.1527(e); *see Allen v. Commissioner*, 561 F.3d at 652. The ALJ rejected Dr. Mayle's opinions because they were unduly restrictive, not well supported by objective evidence, and inconsistent with Dr. Mayle's progress notes, plaintiff's daily activity level, and the record as a whole:

> The medical source statement of Dr. Mayle was considered but cannot be accorded controlling weight based on the record as a whole. Dr. Mayle's opinion is not supported by his medical records that reflect progressive improvement from the pubi[c] symphysis disruption and conservative care for his diabetes mellitus with peripheral neuropathy and low back pain. The claimant's reported daily activities also reflect an exertional capacity that

> discredits Dr. Mayle's assessment of a loss of ability to lift and carry any weights or to sit, stand, and walk in an eight hour workday. The claimant reported cooking, taking his children to school, and shopping. Moreover, the record also includes the assessment of an examining physician, discussed above, that indicates the capacity for light work. I have modified that assessment to the more restrictive residual functional capacity found herein in light of the weight of evidence, including the treating physician assessment.

(A.R. 13-14). Furthermore, Dr. Mayle's restrictions are not in line with those of the specialists to which Dr. Mayle himself referred plaintiff. I find no violation of the treating physician rule. The ALJ gave Dr. Mayle's findings appropriate weight and provided good reasons for his conclusions in this regard.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  September 19, 2011          /s/  Joseph G. Scoville
                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).